IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:05-258-HMH |
| vs. | ) | |
| | ) | |
| Aaron Bryant Keys, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Aaron Bryant Keys' ("Keys") filing captioned as a "Request to File and Out of Time Appeal." Keys alleges that his attorney was constitutionally ineffective for failing to file an appeal as requested. The court construes Keys' filing as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.¹ See United States v. Allen, No. 03-4916, 2004 WL 2666727, at *1 (4th Cir. Nov. 23, 2004) (unpublished) (finding that a district court may not allow a criminal defendant to proceed on an untimely notice of appeal that is over thirty days late, and the defendant must seek relief under § 2255).²

An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). When a prisoner alleges that his attorney failed to file an appeal as requested, the court has the

---

¹As the court grants Keys' § 2255 motion, vacating the sentence and reimposing and reinstating his judgment, Keys' right to collaterally attack his conviction and sentence in a § 2255 motion will not be affected. Accordingly, the instant § 2255 motion will not render a subsequent § 2255 motion successive, should Keys elect to file one, and United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), does not apply.

²The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned cases is relevant and appropriate.

1

authority to vacate the sentence and immediately reimpose and reinstate the movant's judgment of conviction to allow the prisoner to appeal.  See id.  Therefore, the court hereby vacates Keys' sentence of conviction and immediately reinstates and reimposes Keys' conviction.

It is therefore

**ORDERED** that the clerk of court docket Keys' request as a § 2255 motion.  It is further

**ORDERED** that Keys' § 2255 motion is granted, his sentence is vacated, and his judgment of conviction is immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 6, 2006

### NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION

The movant is hereby notified that he has **TEN (10)** days from the filing date of this order in which to file a notice of intent to appeal his judgment of conviction, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline will waive the right to appeal. The notice immediately below relates only to movant's right to appeal this order and should not be confused with the ten-day period in which to file a notice of intent to appeal the judgment of conviction.

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.